## JACKSON *v*. GILES, ADM'R.

APPEALS—*When damages awarded on, etc.*—Where, upon examination of the record, no error in the proceedings is found, but the appeal appears to have been prosecuted for delay, the judgment will be affirmed and damages awarded.

*Appeal from Pulaski Chancery Court.*

HON. T. D. W. YONLEY, Chancellor.

*Rice & Benjamin*, for appellant.

*Wassell & Moore*, for appellee.

BENNETT, J.

The appellee, as administrator of J. A. Hutchings, deceased, filed a bill to enforce a vendor's lien on lot No. 4, in block or square No. 114, west of the Quapaw line in the city of Little Rock.

It appears from the bill, answer and exhibits, that James A. Hutchings, on the sixth day of April, A. D. 1866, bargained and sold to the defendant, Nancy Jackson, lot No. 4, in block or square No. 114, west of the Quapaw line, in the city of Little Rock, Arkansas, for the sum and price of five hundred dollars, for which sum the said defendant, Nancy Jackson and Brutus Jackson, (the latter since deceased), executed their writing obligatory of that date, payable three months after the date thereof. It also appears that the said James A. Hutchings afterwards departed this life, and the complainant, Josiah M. Giles, was duly appointed administrator.

The answer of defendants, Jackson, while admitting the above facts, alleges that the lot was bought with the distinct understanding that it was to be paid for by them in labor; that said James A. Hutchings, when he sold the lot, was an old and feeble man, and without any family to take care of him. That Nancy Jackson had for a long time taken care of

him, boarded him and nursed him, and that said Hutchings desired her to continue to do so during his life time, and that she did do so, and said labor performed and services rendered and money loaned and advanced amounted in all to ($581 66,) five hundred and eighty-one dollars and sixty-six cents, and for more particularity they file a bill of particulars as part of their answer.

On the 21st day of February, 1870, a decree was rendered against the appellants for the sum of five hundred dollars, principal debt, and one hundred and five dollars interest, less the sum of one hundred and thirty-five dollars, leaving a balance due on said writing obligatory of four hundred and sixty-nine dollars and thirty-four cents, and decreed that the said sum of money was a valid and prior lien upon said lot, with the usual time for payment, or lot to be sold.

From this decree an appeal was taken and supersedeas issued March 3, 1870.

There are no intricate or even disputed questions of law to decide in the case, simply the asking of the court to enforce a vendor's lien.

It is simply a question of facts and they are few and simple. Did the defendant really pay the note by labor and money? The defendants, to support the allegations in their answer, introduced several witnesses. Kate Sewell testifies that Mr. Hutchings told the defendant, Nancy Jackson, he would pay her fifty dollars per month to board him and his waiting boy, but could not tell how long they boarded with her but thinks it was about five months. This witness also says Hutchings said to her that he owed Mrs. Nancy Jackson one hundred dollars, but this conversation was before the purchase of the property.

John Thomas also testifies to the fact that Mr. Hutchings told him he was to pay fifty dollars for board, and that he boarded with Mrs. Jackson, the defendant, some five or six months. Lucy Wood testified that Hutchings commenced

42

boarding at Mrs. Jackson's, the defendant, in March of the year in which he died, and remained until his death.

On the part of the plaintiff, Mr. J. A. Henry testifies that during the year in which Mr. Hutchings died, he was keeping the Anthony House, in Little Rock, and that Mr. Hutchings obtained his meals at his house at all times when he was able to be out of his room ; at other times he did not know where he did get them.   Marcus Dotter testified that Mr. Hutchings for five or six months before his death, had a room on Markham street, and that he boarded most of the time at the Anthony House.   Jacob Hawkins testified that Mr. Hutchings occupied rooms belonging to him from 1865, until the time of his death in 1866.   Mr. Hutchings told him he had sold to defendant, Nancy Jackson, the lot and she was to cook for him for the interest on the same.

From these facts, the Chancellor found that the defendants were entitled to a credit upon the note for the sum of one hundred and thirty-five dollars, and rendered a decree in favor of complainants for four hundred and sixty-nine dollars and thirty-four cents.   After a careful examination of the record, before us, we can find nothing upon which, in the slightest degree, we would be warranted in reversing the decree, but on the contrary, we think the case clearly comes within section 882, of the Code of Practice, where an appeal has only been obtained for the purposes of delay.

The decree is affirmed with ten per centum damages.